**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| Vidal Rainey, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No. 16-cv-2963 |
| v. | ) | Judge John J. Tharp, Jr. |
| | ) | |
| Corrections Officer Reed, | ) | **Jury Trial Demanded** |
| Corrections Officer Meller, | ) | |
| Corrections Officer Stewart, | ) | |
| Corrections Officer Davis, | ) | |
| Corrections Officer Reierson, and | ) | |
| Sergeant Kolnicki | ) | |
| Defendants. | ) | |

**FIRST AMENDED COMPLAINT**

Plaintiff Vidal Rainey, by his attorneys, McDermott Will & Emery LLP, hereby brings his First Amended Complaint ("Complaint") against the Cook County Corrections Officer Reed, badge no. 8743, Cook County Corrections Officer Reierson, badge no. 9628, Cook County Corrections Officer Kevin Meller, badge no. 8388, Cook County Corrections Officer Antoine Stewart, badge no. 9515, Cook County Sergeant Kolnicki, and Cook County Corrections Officer Davis (remaining badge numbers unknown) (collectively referred to herein as the "Defendants") and alleges as follows:

**Introduction**

1. This is a civil action seeking damages against Defendants in their individual capacities for committing acts under color of law, and depriving Rainey of rights secured by the Constitution and laws of the United States. Acting under color of law, Defendants used excessive force against Rainey when he was a pre-trial detainee. Further Defendant Kolnicki

failed to provide him with medical attention that was necessary as a result of that excessive force.

## Jurisdiction and Venue

2. The jurisdiction of this Court is invoked pursuant to the Civil Rights Act, 42 U.S.C. § 1983, the Judicial Code, 28 U.S.C. §§ 1331 and 1343, and the Constitution of the United States.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b). The events purported herein all occurred in the Northern District of Illinois.

## Parties

4. Rainey is a United States citizen currently incarcerated at the Pontiac Correctional Center.

5. Upon information and belief, Cook County Corrections Officer Reed, badge no. 8743, is a present or former employee of the Cook County Department of Corrections. At all times relevant to this Complaint, Officer Reed acted within the scope of his employment and under color of law.

6. Upon information and belief, Cook County Corrections Officer Reierson, badge no. 9628, is a present or former employee of the Cook County Department of Corrections. At all times relevant to this Complaint, Officer Reierson acted within the scope of his employment and under color of law.

7. Upon information and belief, Cook County Corrections Officer Kevin Meller, badge no. 8388, is a present or former employee of the Cook County Department of Corrections. At all times relevant to this Complaint, Officer Meller acted within the scope of his employment and under color of law.

8. Upon information and belief, Cook County Sergeant Kolnicki, is a present or former employee of the Cook County Department of Corrections. At all times relevant to this Complaint, Sergeant Kolnicki acted within the scope of his employment and under color of law.

9. Upon information and belief, Cook County Corrections Officer Stewart, is a present or former employee of the Cook County Department of Corrections. At all times relevant to this Complaint, Officer Stewart acted within the scope of his employment and under color of law.

10. Upon information and belief, Cook County Corrections Officer Davis is a present or former employee of the Cook County Department of Corrections. At all times relevant to this Complaint, Officer Davis acted within the scope of his employment and under color of law.

11. Cook County Corrections Officer Reed, badge no. 8743, Cook County Corrections Officer Reierson, badge no. 9628, Cook County Corrections Officer Kevin Meller, badge no. 8388, Cook County Sergeant Kolnicki, Cook County Corrections Officer Stewart, and Cook County Corrections Officer Davis are collectively referred to as "Defendants" in this Complaint.

## Background Facts

12. On or about the early morning of April 22, 2014, Rainey was awakened in his cell in Division 8, 2-North by Defendants Reed and Reierson and instructed to pack his belongings for transfer to a different cell. Defendant Reierson instructed Rainey to speed up his packing, threatening Rainey with violence if he did not pack quickly enough. Defendant Reierson then pulled Rainey from his cell and began assaulting Rainey, along with Defendants Reed, Davis, and Kolnicki. Rainey then lost consciousness. Defendants then shackled Rainey and dragged him to another cell, where he regained consciousness. Following the assault, Rainey requested

medical treatment from Defendant Kolnicki for various injuries to his head and face. Defendant Kolnicki, denied the request.

13. On or about the afternoon of April 22, 2014, Rainey was transferred on foot, in full restraints six blocks away to Division 9. Rainey was directed into a holding cell with no toilet. Rainey requested a different cell and was refused by Defendant Meller. Rainey then attempted to enter the cell, but collapsed as a result of his walk to the new division. Defendant Meller then began assaulting Rainey. Defendant Stewart heard the assault and later joined in. Defendants Meller and Stewart then left Rainey on the floor until he was taken to receive medical treatment.

## Count I

### Fourteenth Amendment Excessive Force

14. Plaintiff incorporates paragraphs 1 through 13 as if fully set forth herein.

15. Acting under the color of law, Defendants engaged in the use of excessive force by beating Mr. Rainey on multiple occasions.

16. As a result of this excessive force, Rainey suffered physical harm and emotional injuries including mental and emotional damage and trauma, humiliation, loss of liberty, mental distress and anguish.

17. WHEREFORE, as a result of Defendants' use of excessive force, Rainey requests actual, punitive and compensatory damages in an amount deemed at time of trial to be just, fair, and appropriate.

## Count II

### Fourteenth Amendment Failure to Provide Medical Attention

18. Plaintiff incorporates paragraphs 1 through 17 as if fully set forth herein.

19. Acting under the color of the law, Defendant Kolnicki refused Rainey's request for medical treatment following the initial assault. This refusal delayed Rainey's medical treatment by 12 hours. Rainey's beating produced multiple injuries, which created a serious medical need that Defendant Kolnicki was deliberately indifferent to.

20. As a result of this failure to provide medical attention, Mr. Rainey suffered physical harm and emotional injuries including mental and emotional damage and trauma, humiliation, loss of liberty, mental distress and anguish.

21. WHEREFORE, as a result of Defendant Kolnicki's refusal to provide medical attention, Rainey requests actual, punitive and compensatory damages in an amount deemed at time of trial to be just, fair, and appropriate.

## Jury Demand

22. Rainey demands a trial by jury for any and all issues so triable.

## Prayer for Relief

WHEREFORE, Rainey prays for the following relief:

i. That this Honorable Court enter judgment in favor of Rainey and against Defendants on all claims;

ii. That this Honorable Court award damages to Rainey in an amount to be determined at trial to compensate Rainey for the violations of his Constitutional rights;

iii. That this Honorable Court award Rainey punitive damages;

iv. That this Honorable Court award Rainey his reasonable costs and attorneys' fees; and

v. That this Honorable Court grant Rainey such other and further relief as the Court deems just and equitable.

- 6 -

Dated: April 21, 2016　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　Vidal Rainey

　　　　　　　　　　　　　　　　　　　By: */s/Amol A. Parikh*
　　　　　　　　　　　　　　　　　　　　　Amol A. Parikh
　　　　　　　　　　　　　　　　　　　　　MCDERMOTT WILL & EMERY LLP
　　　　　　　　　　　　　　　　　　　　　227 West Monroe Street
　　　　　　　　　　　　　　　　　　　　　Chicago, Illinois 60606
　　　　　　　　　　　　　　　　　　　　　Phone: (312) 372-2000
　　　　　　　　　　　　　　　　　　　　　amparikh@mwe.com

- 7 -

## **CERTIFICATE OF SERVICE**

    The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system on April 21, 2016.

                                              /s/ *Amol A. Parikh*
                                              Amol A. Parikh

DM_US 72271662-1.099744.0161